IN INTERNATIONAL COMMON LAW VENUE
IN THE U.S. DISTRICT COURT OF MIDDLE TENNESSEE

FILED
2012 SEP 28 PM 2:57
U.S. DISTRICT
MIDDLE DISTRICT OF TN

Anthony Troy Williams and
Robyn Kelley (formerly Lawson)
Plaintiffs

vs.   Case No: 3:12-mc-72
Judge Trauger

State of Tennessee;
Bill Haslam, Individually and in his official capacity as
Governor of the State of Tennessee;
Karl Dean, Individually and in his official capacity as Davidson County Mayor;
Daron Hall d.b.a. Sheriff of Davidson County, Tennessee,
Individually and in his official capacity as Davidson County Sheriff;
John Ford, Individually and in his official capacity as Davidson
County Chief Deputy and employee of Davidson County Sheriff Office;
Harold Taylor, Individually and in his official capacity as employee
of Davidson County Correctional Development Center – Male;
Corrections Corporation of America (CCA),
d.b.a. Davidson County Correctional Development Center – Male;
Metropolitan Davidson County Detention Facility;
Davidson County Correctional Development Center – Male;
Tennessee Corrections Institute;
Blair Leibach, Individually and in his official capacity as Warden
of Metropolitan Davidson County Detention Facility;
Tony Wilkes, Individually and in his official capacity as employee
of Davidson County Correctional Development Center – Male;
Austin Bodie, Individually and in his official capacity as employee
of Davidson County Correctional Development Center – Male;
Richard Miller, Individually and in his official capacity as employee
of Davidson County Correctional Development Center – Male;
Barry Kidd, Individually and in his official capacity as employee
of Davidson County Correctional Development Center – Male;
Lt. Lehman, Individually and in his official capacity as employee
of Davidson County Correctional Development Center – Male;
Jennifer McMillen, Individually and in her official capacity as Bar
certified Attorney and employee of Davidson County Sheriff Office;
Kim Peery, Individually and in her official capacity as employee of
Davidson County Sheriff Office, Office of Standards & Accountability;
Mark J. Fishburn, Individually and in his official capacity as
employee of Davidson County Circuit Court;
Victor S. (Torry) Johnson III, Individually and in his official capacity as
employee of the State of Tennessee;
Kyle Anderson, Individually and in his official capacity as
employee of the State of Tennessee;
Aaron Holt, Individually and in his official capacity as employee
of Metropolitan/Davidson County General Sessions Court;
Casey Moreland, Individually and in his official capacity as employee
of Metropolitan/Davidson County General Sessions Court;
Dan Eisenstein, Individually and in his official capacity as employee
of Metropolitan/Davidson County General Sessions Court;
Leon Ruben, Individually and in his official capacity as employee

of Metropolitan/Davidson County General Sessions Court;
Bob Strong, Individually and in his official capacity as
employee of the City of Nashville/Metropolitan Nashville;
LeAnne S. Sumner, Individually and in her official capacity as
Bar certified Attorney and employee of the City of
Nashville/Metropolitan Nashville;
William Higgins, Individually and in his official capacity as employee
of Metropolitan/Davidson County General Sessions Court;
Steve Holzapfel, Individually and in his official capacity as employee
of Metropolitan/Davidson County General Sessions Court;
John Austin, Individually and in his official capacity as Bar certified
Attorney and employee of the City of Nashville/Metropolitan Nashville;
James Michael Smallwood, Individually and in his official capacity as
employee of the City of Nashville/Metropolitan Nashville;
Robert A. Simmons, Jr., Individually and in his official capacity as
employee of the City of Nashville/Metropolitan Nashville;
Carey Day Steel, Individually and in his official capacity as
employee of the City of Nashville/Metropolitan Nashville;
Robert Andrew Morris, Individually and in his official capacity as
employee of the City of Nashville/Metropolitan Nashville;
Kenneth Birdwell, Individually and in his official capacity as
employee of the Tennessee Department of Safety;
Steve Anderson, Individually and in his official capacity as
employee of the City of Nashville/Metropolitan Nashville.

**Defendants**

In Re:
Davidson County Circuit Nos: 2011-C-2662; 2012-A-392; 2012-A-506; 2012-B-1294; and
Davidson County Correctional Development Center – Male, Detainee Number 431031

## COMPLAINT,
## PETITION FOR INJUNCTIONS,
## PETITION FOR SANCTIONS,
## AND MOTION FOR IMMEDIATE HEARING

Comes now the Plaintiffs, Anthony Troy Williams and Robyn Kelley (formerly Lawson), Sui Juris/In Propria Persona, and for their Complaint, Petition for Injunction, Petition for Sanctions, and Motion for Immediate Hearing, state:

That the Plaintiffs herein are not lawyers and their pleadings cannot be treated as such. According to *Haines v. Kerner*, 404 U.S. 519 (1972), a complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957). "[A] pro se petitioner's pleadings should be liberally construed to do substantial justice." United States v. Garth, 188 F.3d 99, 108 (3d Cir.1999).

1. That this cause of action is being brought as a result of incidents which have occurred based upon the underlying cases described above, specifically Davidson County Circuit Nos: 20111-C-2662; 2012-A-392; 2012-A-506; and 2012-B-1294.

2. That jurisdiction is invoked pursuant to 28 USC 1343 (1), (2), (3), and (4) and under USC 1938, 1985.

3. That the Plaintiff, Anthony Troy Williams, is a resident of Davidson County, Tennessee, and has been at all times pertinent to this cause of action.

4. That the Plaintiff, Robyn Kelley, is a resident of Pulaski County, Arkansas.

5. That all Defendants herein named are residents of Davidson County, Tennessee, or are corporations doing business in Davidson County, Tennessee, and have been at all times pertinent to this cause of action.

6. That on or about February 2, 2011 and July 10, 2011 Plaintiff while driving a 2004 Ford Explorer automobile on State of Tennessee road, Plaintiff was arrested and charged with driving on a suspended Drivers License.

7. That Defendant's Steel, Simmons and Smallwood threatened Plaintiff, Anthony Troy Williams, with deprivation of Liberty and property without due process of Law.

8. That Casey Moreland issued a false capias/arrest warrant.

9. That Defendant Austin was assigned as Court Appointed Counsel wherein Plaintiff, Anthony Troy Williams, appeared as director for his legal person on a misdemeanor traffic violation.

10. That Plaintiff, Anthony Troy Williams, demanded himself, sui juris, be counsel for his legal person, of his own choosing, as is his right, and was denied by Judge Aaron Holt.

11. That Defendants Holt and Moreland denied Plaintiff, Anthony Troy

Williams, demand for counsel of his own choice.

12. That Defendant Moreland abused his powers of office in setting excessive bail.

13. That Defendant Holzapfel abused his powers of office in setting excessive bail. (Exhibit 1)

14. That Defendant Fishburn abused his powers of office in denying bail on non-capital offenses. (Exhibit 2)

15. That Defendant Fisburn did deliberately, and with great malice and aforethought, create additional case numbers in the computer system, and thereafter entered a zero bond amount on those cases, so that the Plaintiff, Anthony Troy Williams, could not be bonded out of the Davidson County Correctional Development Center. (Exhibit 2)

16. That the actions of the Defendants caused plaintiff to be illegally arrested and kidnapped from his home and illegally confined in the Davidson County Correctional Development Center – Male.

17. That Defendants named herein who are required to take an oath of office have violated their oaths of office.

18. That Defendants conspired together and with others as yet unknown to Plaintiff to deprive Plaintiff, Anthony Troy Williams, of his inalienable constitutional rights.

19. That Defendants have exceeded their jurisdiction.

20. That Defendants have abused their discretion.

21. That Defendants have acted outside the Lawful perimeters of their official duties.

22. That the Defendants have conspired to deprive the rights of the Plaintiffs.

23. That the rights of the Plaintiffs have been infringed upon.

24. That Defendants failed and refused to acknowledge and honor the duly filed Durable Power of Attorney given to Plaintiff, Robyn Kelley (formerly Lawson), by the Plaintiff, Anthony Troy Williams. (Exhibit 3)

25. That the Plaintiff, Robyn Kelley, was refused visitation with the Plaintiff, Anthony Troy Williams, at the Davidson County Correctional Development Center for three (3) days in a row, on September 23, 24, and 25, 2012, after having driven nearly four hundred (400) miles to consult with the Plaintiff, Anthony Troy Williams, regarding the defense of his misdemeanor pending cases, which have been inappropriately classified as felonies.

26. That the Plaintiff, Robyn Kelley, was allowed visitation with the Plaintiff, Anthony Troy Williams, on the fourth (4th) and fifth (5th) days, September 26 and 27, 2012, in a room with a glass separator, having to speak through a telephone, and for only forty-five (45) minutes each time.

27. That the Plaintiff, Robyn Kelley, communicated with a number of Defendants herein named, in an attempt to resolve the situation, to no avail.

28. That the Defendants caused a great deal of stress for the Plaintiff, Robyn Kelley, which exacerbated a medical condition that had been in complete control before these incidents occurred.

29. That the actions of the Defendants has caused the Plaintiffs to incur expenses which would otherwise have not been incurred had the incidents complained of not occurred.

30. That the Plaintiff, Anthony Troy Williams has been unlawfully detained and incarcerated without just cause, in absence of conviction, yet

without bail.

31. That the Davidson County Circuit Court lacks jurisdiction over the Plaintiff, Anthony Troy Williams, and has repeatedly failed and refused to establish jurisdiction.

32. That the Davidson County Circuit Court has illegally reclassified the misdemeanor traffic offenses as felonies.

33. That the Defendant's have failed and refused to provide the Plaintiff, Anthony Troy Williams, with due process of law.

34. That Defendant actions have caused harm and damage to Plaintiff, Anthony Troy Williams, and to Plaintiff, Robyn Kelley, consisting of mental and physical suffering, insomnia, worry, financial insecurity, stress and strain in personal and business relationships, and have impaired Plaintiff, Anthony Troy Williams, credit standing.

35. That the actions of the Defendant's have impaired and hindered the Plaintiff, Anthony Troy Williams, defense in the underlying cases referenced above.

36. That the Plaintiff, Anthony Troy Williams, has been subjected to public ridicule and humiliation as a result of the Defendant's actions.

37. That the Plaintiff, Robyn Kelley, seeks injunctive relief to direct Defendant's to acknowledge and honor the duly filed Power of Attorney, and allow liberal visits to the Plaintiff, Anthony Troy Williams, as his counsel for as long as the Plaintiff, Anthony Troy Williams, remains incarcerated in the Davidson County Correctional Development Center.

38. That the Plaintiff, Anthony Troy Williams, seeks an injunction to enforce the original bail amounts that were set when he was first arrested on August 2, 2012. (Exhibit 4)

39. That the Plaintiffs seek compensatory and punitive damages from the Defendants in amounts to be determined by a duly empaneled jury.

40. That the Plaintiffs seek sanctions against those officials who have abused their oaths of office.

41. That Plaintiffs seek a permanent restraining order against Defendants.

42. That the Plaintiffs request a jury trial.

43. That the Plaintiffs request and immediate hearing on the Petition for Injunctions.

44. That the Defendants be required to pay attorney fees and costs.

WHEREFORE, the Plaintiffs request that this court have an immediate hearing on the Petition for Injunctions, grant Plaintiffs petition for injunctive relief to cause Defendants to honor the duly filed Power of Attorney, and to honor and restore the original bail amounts, that this court sanction all Defendants who have abused their oaths of office, for compensatory and punitive damages, for attorney fees and costs, for a permanent restraining order against Defendants, and for all other relief to which the Plaintiffs may be entitled.

Respectfully Submitted,

*Anthony Troy Williams*
Anthony Troy Williams, In Propria Persona

*Robyn Kelley*
Robyn Kelley, In Propria Persona